UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JUANITA YOUNG,                                                **AMENDED**
                                                             **COMPLAINT**
                              Plaintiff,

                                                             16 CV 5304
         -against-                                           (CBA) (LB)

                                                             Jury Trial Demanded

CITY OF NEW YORK, MICHAEL TIERNEY, Individually,
ALAN SCHATZ, Individually, TELISHA MATHEWS,
Individually, STAVROS SPANOS, Individually,
CHRISTOPHER GHEE, Individually, ROBERTO NAPOLI,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

         Plaintiff JUANITA YOUNG, by her attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

         1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

         2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

         3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JUANITA YOUNG is a fifty-two-year old African American female resident of Queens, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants MICHAEL TIERNEY, ALAN SCHATZ, TELISHA MATHEWS, STAVROS SPANOS, CHRISTOPHER GHEE, ROBERTO NAPOLI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On June 27, 2015, sometime after 2:00 a.m., in the vicinity of Mott Avenue and Central Avenue, Far Rockaway, New York, plaintiff was improperly handcuffed and otherwise unlawfully arrested by, or in the presence of, defendant NYPD officers including MICHAEL TIERNEY, ALAN SCHATZ, CHRISTOPHER GHEE, ROBERTO NAPOLI, and Sergeant STAVROS SPANOS.

13.     Just prior to her arrest, plaintiff was robbed and assaulted inside of 22-40 Mott Avenue, Far Rockaway, New York.

14.     Plaintiff called 911 and followed her assailant out of the building.

15.     Plaintiff was eventually met by members of the NYPD including, but not limited to, defendants TIERNEY and GHEE, and sometime thereafter, defendants SPANOS, SCHATZ, and NAPOLI in the vicinity of Mott Avenue and Central Avenue.

16.     When plaintiff attempted to explain what had happened to her and that she had called 911 to report a crime against her, defendants TIERNEY, SCHATZ, GHEE, NAPOLI, and SPANOS disregarded her statements, spoke discourteously to her, and arrested her, despite lacking probable cause to believe that she had committed any crime or offense.

17.     In the process of arresting plaintiff, defendant officers, believed to be TIERNEY

and GHEE, pulled and twisted plaintiff's right arm, and placed over tight handcuffs on her wrists, resulting in needless pain and physical injuries.

18. Defendant officers TIERNEY, SCHATZ, and GHEE, then imprisoned plaintiff in SCHATZ and NAPOLI's NYPD motor vehicle.

19. In the process of placing plaintiff in their vehicle, SCHATZ pushed plaintiff's face against the vehicle and kicked plaintiff in the heel.

20. Defendants SCHATZ and NAPOLI transported plaintiff to the NYPD's 101st precinct station house without justification.

21. While at the NYPD's 101st precinct station house, plaintiff was subjected to an invasive and illegal strip search in a non-private area of the precinct. During the search, defendant TELISHA MATHEWS lifted plaintiff's shirt, touched plaintiff's breasts under her bra, reached down plaintiff's pants, and also exposed plaintiff's buttocks.

22. Plaintiff was then handcuffed to a bench, and after a period of time, released after she was issued criminal court summons number 4414077160. Said summons was issued based on false allegations of defendant TIERNEY, which he forwarded to Queens County Criminal Court, and which compelled plaintiff's appearance in Queens County Criminal Court on August 17, 2015.

23. In particular, defendant TIERNEY falsely claimed that plaintiff had acted disorderly.

24. Plaintiff thereafter appeared on August 17, 2015 and was informed that the summons issued to plaintiff had been reviewed by the court and found to be legally insufficient, and further that it was consequently dismissed and sealed.

25.      Defendants TIERNEY, SCHATZ, GHEE, NAPOLI, SPANOS, and JOHN and JANE DOE 1 through 10 directly participated in or failed to intervene in the above despite being present for the foregoing, and therefore having a meaningful opportunity to do so.

26.      Defendant SPANOS, who holds the rank of sergeant, participated in, oversaw, and otherwise authorized and sanctioned the unlawful arrest and improper handcuffing of plaintiff.

27.      Defendant NYPD officers, including defendant TIERNEY and GHEE, owed a duty to plaintiff to safely handcuff her in a manner which would not cause her injuries.

28.      Defendant NYPD officers, including defendant TIERNEY and GHEE, breached their duty to plaintiff, resulting in plaintiff sustaining physical injuries.

29.      The above described strip search and false arrest occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including improperly subjecting individuals to strip searches and fabricating evidence.

30.      The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding proper methods of searching individuals, and engage in a practice of falsification to cover up their abuses of authority.

31.      For instance, the Civilian Complaint Review Board's report and recommendations committee issued a report in 2004 notifying then Police Commissioner Raymond Kelly that NYPD officers were regularly conducting strip searching in violation of patrol guide procedures

and recommended that the NYPD enhance their training in this regard. *See* http://www.nyc.gov/html/

ccrb/downloads/pdf/stripsearchletter.pdf.

32. Despite such notice of improper training, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33. Further, in another civil rights action filed in this court involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

34. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff JUANITA YOUNG, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of

America, and in violation of 42 U.S.C. § 1983.

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

41.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.    Defendants arrested plaintiff JUANITA YOUNG, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

43.    Defendants caused plaintiff JUANITA YOUNG to be falsely arrested and unlawfully imprisoned.

44.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JUANITA YOUNG'S constitutional rights.

47.     As a result of the aforementioned conduct of defendants, plaintiff JUANITA YOUNG was subjected to excessive force and sustained physical and emotional injuries.

48.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendant TELISHA MATHEWS strip searched plaintiff JUANITA YOUNG in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time she was searched.

51.     Defendants thereby caused plaintiff JUANITA YOUNG to be deprived of her right to be free from unlawful strip searches.

52.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants created false evidence against plaintiff JUANITA YOUNG.

55.     Defendants forwarded this false evidence to be utilized against plaintiff JUANITA YOUNG in a legal proceeding.

56.     As a result of defendants' creation and use of false evidence, plaintiff JUANITA YOUNG suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

57.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

60.     The defendants failed to intervene to prevent the unlawful conduct described herein.

61.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

62.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The supervisory defendants, including but not limited to defendant SPANOS, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, improperly strip searching individuals and engaging in a practice of falsification to cover up their abuse of authority.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the

11

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JUANITA YOUNG was strip searched and evidence was fabricated against her.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

74.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A.     To be free from unlawful strip searches;

      B.     To be free from false arrest; and

      C.     To be free from denial of her right to fair trial.

75.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## **Supplemental State Law Claims**

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Within ninety (90) days after the claim herein accrued, plaintiff JUANITA YOUNG duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.     Plaintiff JUANITA YOUNG has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     As a result of the foregoing, plaintiff JUANITA YOUNG was placed in apprehension of imminent harmful and offensive bodily contact.

84.     As a result of defendant's conduct, plaintiff JUANITA YOUNG has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

86.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendants made offensive contact with plaintiff JUANITA YOUNG without privilege or consent.

89.     As a result of defendants' conduct, plaintiff JUANITA YOUNG has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

91.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

14

93.     Defendants arrested plaintiff JUANITA YOUNG without probable cause.

94.     Plaintiff JUANITA YOUNG was detained against her will for an extended period of time and subjected to physical restraints.

95.     As a result of the aforementioned conduct, plaintiff JUANITA YOUNG was unlawfully imprisoned in violation of the laws of the State of New York.

96.     As a result of the aforementioned conduct, plaintiff JUANITA YOUNG suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

97.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

98.     As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and handcuffing of plaintiff JUANITA YOUNG.

101.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct

heretofore alleged in this Complaint.

102.    As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and handcuffing of plaintiff JUANITA YOUNG.

105.    As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Plaintiff JUANITA YOUNG'S injuries herein were caused by the carelessness,

16

recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they improperly handcuffed plaintiff.

108.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' negligence under the doctrine of *respondeat superior*.

109.   As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

110.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.   As a result of defendants' conduct, plaintiff JUANITA YOUNG was deprived of her right to security against unreasonable searches, seizures, and interceptions.

112.   As a result of the foregoing, plaintiff JUANITA YOUNG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
May 18, 2017

BRETT H. KLEIN, ESQ., PLLC
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132
By:      s/ Brett Klein
         BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JUANITA YOUNG,

                                     Plaintiff,

                                               16 CV 5304
       -against-                                (CBA) (LB)

CITY OF NEW YORK, MICHAEL TIERNEY, Individually,
ALAN SCHATZ, Individually, TELISHA MATHEWS,
Individually, STAVROS SPANOS, Individually,
CHRISTOPHER GHEE, Individually, ROBERTO NAPOLI,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                     Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132